### No. 4533.

SUCCESSION OF MERADAY NEAL—Opposition to final account by the HEIRS OF FRANKLIN.

Where the creditors of a succession opposed the final account of the administratrix of said succession on the ground that a district court judgment for several thousand dollars in their favor was not placed on said account and paid;

Held—That the administratrix could not, in the parish court, dispute the final judgment against her in behalf of the opponents; first, because a judgment not absolutely void can not be attacked collaterally; second, because the parish court can not revise a judgment of the district court, and also because the parish court can not determine a controversy when the matter in dispute exceeds $500, for want of jurisdiction *ratione materiæ*.

The administratrix should not have omitted to place the claim of the opponents on her final account and to provide for its payment, because the process of garnishment had been resorted to against one of the opponents by a third party.

APPEAL from the Parish Court, of the parish of Rapides. *Daigre*, J. *T. C. Manning*, for administratrix. *Wm. A. Seay*, for opponents.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

WYLY, J. The heirs of Franklin, judgment creditors of the succession of Meraday Neal, opposed the final account of the administratrix of said succession because their claim for several thousand dollars was

not placed on said account and paid. They opposed every item of said account, and prayed that it be not homologated until their claim be placed in the account and paid according to law. They also prayed for a rule requiring the administratrix to sell property and pay their judgment.

The answer states:

*First*—That the balance due on the judgment in favor of the opponents is only $2800, as will appear from a receipt on the judgment itself.

*Second*—A considerable part of the balance has been garnisheed in respondent's hands by a creditor of one of the opponents.

*Third*—That the original judgment was on a note signed by her as administratrix, and she was unable to bind the estate thereby.

Further answering, she alleges that the debt or claim held by the opponents was partly prescribed when she gave the note upon which they obtained judgment subsequently. The court maintained the opposition and made the rule absolute.

It appears that the balance due the opponents on their judgment is only $2800, with eight per cent. per annum interest thereon from the first of January, 1870, and it was so stated in the reasons for judgment; but the judge, doubtless through inadvertence, made the rule absolute for the full amount of the judgment. This error must be corrected.

The administratrix can not in the parish court attack collaterally the final judgment of the district court against her in behalf of the opponents, for two reasons:

*First*—Because a judgment not absolutely void can not be attacked collaterally.

*Second*—Because the parish court can not revise a judgment of the district court. Also, because the parish court can not determine a controversy when the matter in dispute exceeds $500, for want of jurisdiction *ratione materiæ*.

The administratrix should not omit to place the claim of the opponents on the account and to provide for its payment, because the process of garnishment has been resorted to against one of the opponents by a third party.

We think the court did not err in declining to homologate the final account and discharge the administratrix until the amount due on the judgment of the opponents be paid.

It is therefore ordered that the judgment herein be amended by limiting the amount due the opponents to twenty-eight hundred dollars, with eight per cent. per annum interest thereon from first day of January, 1870, and as thus amended let the judgment be affirmed. It is further ordered that appellees pay costs of appeal.

Rehearing refused.